**FILED**
**2ND JUDICIAL DISTRICT COURT**
**Bernalillo County**
**1/12/2022 4:05 PM**
**CLERK OF THE COURT**
**Luke A Tessman**

SECOND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY
STATE OF NEW MEXICO

ALICIA CUETO MELENDEZ,
      Plaintiff,

                                     D-202-CV-2022-00219

v.

ISRAEL ANTONIO DEMOULIN AND
SWIFT TRANSPORT COMPANY OF ARIZONA, LLC.,
      Defendants.

## COMPLAINT FOR PERSONAL INJURY

COMES NOW the Plaintiff, Alicia Cueto Melendez, by and through her attorney, Raul A. Lopez, and files her Complaint to Recover Damages for Personal Injury.

## PARTIES AND JURISDICTION

1. Plaintiff, at all material times is a resident of Bernalillo County, City of Albuquerque, State of New Mexico.

2. Upon information and belief, Defendant Israel Antonio DeMoulin is a resident of the State of California;

3. Upon information and belief, Defendant Swift Transport Company of Arizona LLC (hereinafter "SWIFT") is a foreign corporation lawfully conducting business in the State of New Mexico and operates as a trucking company engaged in interstate commerce operating from its principal place of business in the State of Arizona.

4. At the time of the accident, Defendant DeMoulin was an employee and/or agent of Defendant SWIFT and was employed as a commercial driver.

5. Corporate Creations Network, Inc., is the registered agent to receive service of process for Defendant SWIFT in New Mexico.

## STATEMENT OF FACTS

6. Plaintiff incorporates all allegations contained in the previous paragraphs of the Complaint as if set forth in full herein.



*EXHIBIT A*

7.      On February 19, 2019, Plaintiff Cueto Melendez was a passenger in a vehicle being driven by Patricia Baeza, westbound on I-10, in the County of Santa Ana, State of New Mexico.

8.      Plaintiff's vehicle was on the outside lane of travel when a tractor-trailer rig negligently driven by Defendant DeMoulin was also traveling westbound on I-10 West.  At approximately mile marker 151, Defendant DeMoulin negligently attempted to change lanes without first noticing that Plaintiff's vehicle was in the lane of travel.

9.      As Defendant DeMoulin attempted to change lanes, Defendant DeMoulin's large vehicle struck the vehicle Plaintiff was a passenger on the side of the vehicle. This impact caused Plaintiff's vehicle to lose control and strike the barrier on I-10.

10.     Plaintiff suffered serious personal injuries as a result of the accident.

## COUNT I

### Negligence and Negligence Per Se
### (Defendant Israel Antonio DeMoulin)

11.     Defendant DeMoulin's negligent acts included but were not limited to:

   a.   following too closely;

   b.   Improper change of lanes of travel;

   c.   failure to give sufficient distance between his tractor-trailer and Plaintiff's vehicle;

   d.   driving carelessly;

   e.   failure to take into account road and traffic conditions;

   f.   failure to operate in a safe and reasonable manner;

   g.   failing to keep a proper lookout; and

   h.   failure to keep control of the vehicle.

12.     As a direct and proximate result of Defendant DeMoulin's negligence, Plaintiff Cueto Melendez, sustained permanent injuries to her body.  Plaintiff has incurred and will continue to incur medical and non-medical expenses; and he has endured pain and suffering and will continue to do so in the future.

## COUNT II

### RESPONDEAT SUPERIOR AND VICARIOUS LIABILITY

**(Defendant Swift Transport)**

11.     All previous statements are here re-alleged as though fully set forth.

12.     Defendant SWIFT is a corporation authorized to do business under the laws of the State of New Mexico and at all times material was engaged in doing business within the State of New Mexico.

13.     At all times material to this lawsuit, Defendant DeMoulin was acting as an agent and/or employee of and with the actual or apparent authority of Defendant SWIFT which is therefore liable for its employees and/or agents actions and/or inactions resulting in injury and damage to the Plaintiff.

### COUNT III
### Negligent Entrustment
### (SWIFT Transport)

14.     Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

15.     At all times relevant hereto, Defendant SWIFT had a duty to refrain from allowing potential tortfeasors, such as Defendant DeMoulin, access to offending instrumentalities or allowing potential tortfeasor's to undertake an activity which posed the potential to cause harm in the circumstances where Defendant SWIFT knew or should have known of a potential tortfeasor's incompetence, careless or reckless or behavior.

16.     By engaging in the foregoing conduct, Defendant SWIFT allowed Defendant DeMoulin access to its vehicles and/or allowed DeMoulin to undertake an activity which posed potential harm in circumstances where Defendant SWIFT knew or should have known of DeMoulin's incompetence, carelessness, and/or recklessness behavior.

17.     As a result of the foregoing negligence of Defendant SWIFTs, Plaintiff suffered

the above-referenced injuries.

WHEREFORE Plaintiff prays that judgment be entered in favor of Plaintiff, against all

Defendants in an amount to be proven at the time of trial, for costs associated with the

bringing of her cause of action, for pre-trial and post-trial interest, attorney fees and for

such other and further relief as the Court deems just and proper.

Respectfully Submitted,


/s/ Raul A. Lopez, Attorney at Law
Raul A. Lopez
Attorney for Plaintiff
1311 5th St. NW
Albuquerque, NM 87102
Phone:  768-1134